**Man Kyu PAK, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72725.
Agency No. A26–738–963.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2004.*

Decided Dec. 10, 2004.

Robert Pauw, Esq., Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, James A. Hunolt, Esq., Allen W. Hausman, DOJ—U.S. Department of Justice Civil Div., Office of Immigration Lit., Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

MEMORANDUM**

Petitioner Man Kyu Pak ("Pak") seeks review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") decision finding

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Petitioner ineligible for cancellation of deportation.

Under INA § 244(a)(1), the Attorney General has discretion to grant an application for suspension of deportation if the applicant: (a) has been physically present in the U.S. for at least seven years prior to the application; (b) is of good moral character; and (c) would suffer extreme hardship as the result of deportation. 8 U.S.C. § 1254(a)(1) (repealed 1996). The IJ determined that Pak had not demonstrated extreme hardship and was ineligible for suspension of deportation. "Extreme hardship" is a discretionary category, *Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir. 1997), under which we are "no longer empowered to conduct an 'abuse of discretion' review" of the finding. *Torres–Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir.2001).

Pak has also failed to demonstrate that the IJ violated his Fifth Amendment right to a full and fair hearing. We will "grant a petition for review from a BIA decision on due process grounds if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Reyes–Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir.2003) (internal quotations omitted) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000)). While the IJ made no specific findings on the cumulative effect or impact of community ties, his written decision carefully analyzed his findings in light of Ninth Circuit and BIA case law. There was no evidence rebutting the presumption that the IJ fully considered the evidence in accordance with due process.

Pak's assertion that his due process rights were violated by the use of streamlining by the BIA is foreclosed by *Falcon*

*Carriche v. Ashcroft*, 335 F.3d 1009, 1012 (9th Cir.2003).

## PETITION FOR REVIEW DENIED.